WILLIAM M. MILLER, RESPONDENT, v. THE STATE SOCIAL SECURITY COMMISSION OF MISSOURI, APPELLANT.—151 S. W. (2d) 457.

Kansas City Court of Appeals. May 26, 1941.

964

*Roy McKittrick* and *B. Richards Creech* counsel for appellant.

*Melvin J. Duvall* for respondent.

SHAIN, P. J.—This is an appeal duly taken by the State Social Security Commission from the judgment of the Circuit Court of Buchanan County, Missouri, which reversed and remanded the action of the Commission in denial of relief to the respondent, William M. Miller.

The record clearly discloses that the applicant Miller was denied relief by act of the Commission on the sole ground that he had a life insurance policy with a cash surrender value of over $500.

The circuit court, on appeal from the act of the Commission, made finding, judgment and decree as follows:

"The finding of this court is that the cash surrender valuation of a life insurance policy does not constitute cash or negotiable security under Section 11, subsection 2 of the State Social Security Act, page 739, Laws of 1939.

"The court finds that the award of decision of the State Social Security Commission in denying this plaintiff - benefits was arbitrary and unreasonable and remands this cause to the State Social Security Commission for a redetermination."

The appealing Commission urges that "the Court erred in finding for the Plaintiff for the reason that Plaintiff owned or possessed cash or negotiable security over the sum of $500 within the meaning of section 11, subsection 2 of the State Social Security Act, Laws of 1939, page 739, viz., the sum of $683.53 as represented by the cash surrender value of a life insurance policy."

There is no question but what the applicant in this case is entitled by reason of age and physical infirmity unless he be adjudged to come within a class excluded by the statutes. Section 9406, Chapter 52, Article 1, Revised Statutes Missouri 1939, sets forth as to both eligibility and non-eligibility of applicants.

As to non-eligibles, the statute states as follows:

"(1)  Has made an assignment or transfer of property for the purpose of rendering himself eligible for benefits.

"(2)  owns or possesses cash or negotiable security in the sum of $500.00 or more;

"(3)  owns or possesses property of any kind or character in

excess of $1,500.00, or who has an interest in property the value of which exceeds said amount;

"(4) is married and actually living with husband or wife, if the value of his or her property together with that of such husband or wife exceeds $2,000.00;

"(5) is an inmate of any public institution at the time of receiving benefits. An inimate of such an institution may, however, make application for such benefits, which if granted, shall not begin until after he or she ceases to be an inmate.

"(6) has earning capacity, income, or resources, whether such income or resources is received from some other person or persons, gifts of otherwise, sufficient to meet his needs for a reasonable subsistence compatible with decency and health."

In the hearing before the Commission, Gertrude Cope, employed by the Commission as Case Work Supervisor, testified that she had written to the Metropolitan Life Insurance Company of New York and asked as to the cash surrender value of the life policy the applicant had with that company. In reply that company sent an itemized cash value quotation. This document was introduced in evidence and showed a total balance payable of $683.53.

Upon the above showing, the appealing Commission contends that the applicant "owns and possesses cash or negotiable security in the sum of $500.00 or more," and is therefore ineligible under subdivision (2), *supra*.

In construing the language "cash or negotiable" we conclude it to mean, that if the claimant has either cash in a sum of $500 or more, or has negotiable paper of the value of $500 or more, or if applicant's cash and negotiable paper when added together amounts to $500 or more, then the applicant is ineligible. In other words, currency, whether in United States legal tender or negotiable paper suffices.

We conclude that the word "negotiable" as used in the legislative enactment has no broader significance in its context herein than it has in other legislative enactments where the word is used.

The appellant's brief contains language as follows:

"Webster's Unabridged Dictionary defines 'negotiable' as follows:

" 'Capable of being negotiated, transferable in the ordinary course of business, transferable by delivery, with or without endorsements; as negotiable instruments on paper.' "

The applicant's insurance policy according to the evidence can be cashed by surrender and cancellation of the policy. Ordinarily a life insurance policy may be put up and pledged as security. Usually one having a life insurance policy has a right to realize on same by a proper assignment not inconsistent with some provision of the contract. Such rights are common to property in general. However,

such rights are no more potent in rendering an insurance policy "negotiable security" than it would other property.

To render any class of security negotiable, there must be something in the general characteristics of such security as to bring same within the meaning of negotiable, as defined, *supra*.

A policy issued under the assessment plan has statutory restrictions on assignment. [Sec. 5862, R. S. 1939.] The customary methods of cancellation for cash value and the customary method of transferring interest in life policies are contrary to the common and accepted meaning of the term "negotiable."

We conclude that life insurance policies are not included in the exclusion clause (2) *supra*. We further conclude that life insurance policies come within classification (3) *supra*. In other words, a life insurance policy is property and in computing under exclusion clause (3) *supra*, the value of the policy is to be treated in the same manner as any kind or character of property.

The evidence before us is conclusive to the effect that the value of the home owned by applicant, together with all other property, including the policy, is not in excess of $1500.

Judgment of the circuit court is affirmed. All concur.